[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12656
Non-Argument Calendar
_____

D.C. Docket No. 9:11-cr-80130-DTKH-11


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHRISTIAN ALCEMIUS,
a.k.a. T-James,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 13, 2012)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Christian Alcemius pleaded guilty to conspiracy to possess with intent to

distribute more than 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and was sentenced to 84 months' imprisonment. He now challenges the sentence imposed as substantively unreasonable. After a careful review of the record, we affirm.

Before the sentencing hearing, a probation officer prepared a presentence investigation report (PSI), which calculated a base offense level of 28 under U.S.S.G. § 2D1.1(a)(5), (c)(6). The PSI provided for a 4-level reduction based on Alcemius's minimal participation in the conspiracy and a 3-level reduction for acceptance of responsibility, resulting in a total offense level of 21. Alcemius's 13 criminal history points placed him in category VI.

The PSI assigned Alcemius's criminal history points based on several prior convictions. In April 2007, he was convicted as a juvenile of resisting arrest and placed under the supervision of the Department of Juvenile Justice (DJJ). In October 2007, he was convicted as a juvenile of two counts of resisting arrest, two counts of assault on an officer, and possession of less than 20 grams of marijuana and drug paraphernalia. He was sentenced to one year in DJJ custody. In October 2009, he was convicted as an adult of resisting arrest and possession of less than 20 grams of marijuana. In February 2011, he was convicted of fleeing a police car and driving without a license, and sentenced to one year of probation. And, in

2

June 2011, he was convicted of tampering with physical evidence and sentenced to nine months in jail. Finally, the PSI noted that Alcemius was arrested but not charged or convicted for aggravated assault with a firearm in June 2007 and attempted homicide in August 2007, both while he was a juvenile.

Based on a criminal history category VI and an offense level of 21, Alcemius's guideline range was 77 to 96 months' imprisonment. The statutory minimum for Alcemius's offense was 5 years, and the statutory maximum was 40 years.

The PSI also stated that 14 of the 21 convicted codefendants received minimal-role reductions. Two codefendants received 4-level reductions; they received a 50-month sentence and time served. Twelve codefendants received 2-level reductions. The ten who had been sentenced at the time the probation officer prepared Alcemius's PSI received sentences ranging from 366 days to 87 months. Of the six who did not receive minimal-role reductions, two were sentenced as of the time Alcemius's PSI was prepared, and they received sentences of 70 and 128 months.

At sentencing, the district court did not expressly adopt the facts and guidelines calculations in the PSI. But, when asked whether they agreed that the PSI contained the "correct calculations," the parties agreed that it did. Alcemius

3

requested a downward variance based on the 18 U.S.C. § 3553(a) sentencing factors. He argued that his criminal history category overrepresented the seriousness of his history and that a downward variance was necessary to achieve parity between his sentence and those of his codefendants.

The district court declined to grant Alcemius a downward variance, noting that his criminal history indicated "an unwillingness to submit to police authority," and emphasizing that, although his prior convictions were minor when considered individually, taken together, "the picture that develops is certainly a disturbing picture." The court noted that some coconspirators were "far, far more culpable than Mr. Alcemius," but stated, "I do think a sentence within the advisory guideline range would be sufficient but not greater than necessary to achieve the goal that Congress has set forth in this case." The district court imposed a sentence of 84 months' imprisonment, and this is Alcemius's appeal.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). We may set aside a sentence only if we determine, after giving a full measure of deference to the sentencing judge, that the sentence imposed truly is unreasonable. *United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (*en banc*).

The district court must impose a sentence "sufficient, but not greater than

4

necessary to comply with the purposes" listed in § 3553(a)(2). 18 U.S.C. § 3553(a). These purposes include the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a)(2). We examine whether the sentence is substantively reasonable in light of the totality of the circumstances. *Gall*, 552 U.S. at 51. "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

We conclude that Alcemius has not met his burden to demonstrate that his sentence was substantively unreasonable. His 84-month sentence was within the applicable guideline range, and we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). The district court concluded, based on Alcemius's criminal history, that Alcemius was a drug dealer with little regard for — and, in fact, aggression towards — law enforcement. Alcemius has not shown how this reasoning amounted to an abuse of discretion.

And Alcemius has not shown that the district court failed to "avoid unwarranted sentence disparities with similar records who have been found guilty

5

of similar conduct," 18 U.S.C. § 3553(a)(6), because he provides no information about the criminal history or government assistance of his codefendants.  Concerns about disparate sentences among co-conspirators are not implicated where the defendant has not shown that he and his codefendants were similarly situated. *See United States v. Williams*, 526 F.3d 1312, 1323 (11th Cir. 2008); *see also United States v. Regueiro*, 240 F.3d 1321, 1325-26 (11th Cir. 2001) ("Disparity between sentences imposed on codefendants is generally not an appropriate basis for relief on appeal.").

Alcemius has not met his burden of establishing that his sentence was substantively unreasonable; accordingly, we affirm.

**AFFIRMED.**

6